1
2
3
4
5
6
7

8              UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10

11  LOURDES OLIVO, et al,                      Case No.:  17-CV-2153-L-WVG

12                              Plaintiffs,
                                              **ORDER GRANTING IN PART AND**
13  v.                                        **DENYING IN PART PLAINTIFFS'**
                                              **MOTION FOR LEAVE TO TAKE**
14  FRESH HARVEST INC., et al,                **ADDITIONAL DEPOSITIONS**

15                              Defendants.
                                              **[ECF NO. 36.]**
16

17

18                        **I. <u>INTRODUCTION</u>**

19        Plaintiffs Lourdes Olivo and Socorro Olivo De Vasquez have moved the Court for

20  an order allowing them to take a total of nineteen depositions in the above-entitled matter.

21  (Mot., ECF No. 36-1.) Defendants Fresh Harvest Inc. and Seco Packaging have jointly

22  opposed. (Defs' Opp'n, ECF No. 38.) For the following reasons, Plaintiffs' Motion is

23  **GRANTED IN PART AND DENIED IN PART**.

24                    **II. <u>RELEVANT BACKGROUND</u>**

25        Plaintiffs filed a Complaint alleging wage and hour violations as well as claims for

26  retaliation. Plaintiffs, and other allegedly aggrieved employees, used busses, vans, or

27  shuttles provided by Fresh Harvest to move to and from the fields in which the employees

28  worked. The employees were not compensated for the time in which they were transported.

1

Plaintiffs allege these transportation services were not optional but rather mandatory and thus compensable. Defendants maintain the transportation services were optional, its use voluntary, and thus not compensable. At the heart of the case at bar is the transportation policies and procedures maintained by Fresh Harvest.

On September 17, 2018, Plaintiffs filed the present motion seeking leave to depose an additional nine witnesses over the ten allowed without leave of court. Plaintiffs have deposed the following eight percipient witnesses: David Maciel, Daniel Pedraza Calderon,[1] Moises Medel, Adolfo Mendoza,[2] Rosalva Ramos,[3] Santiago Palacios, Cindy Da Silwa,[4] and Lydia Rivera,[5] all of which were foremen or supervisors, with the exception of Da Silwa who was a human resources representative. (Rice Decl., ECF No. 26-2 at ¶¶ 10-15.) Plaintiffs have also noticed the depositions of two witnesses from Fresh Harvest pursuant to Rule 30(b)(6). The depositions already taken as well as the two noticed complete Plaintiffs' ten depositions allowed without leave of Court.

Plaintiffs seek leave to depose a witness from Seco Packacing pursuant to Rule 30(b)(6).[6] (Rice Decl., at ¶ 17; Opp'n at 6:11-22.) Plaintiffs also seek to depose Blanca Torres, a Field HR Safety Representative, and Edgar Garcia, a field worker, along with Jesus Santamaria, Francisco Guido, Ramon Lua, Rogelio Vega, Fidel Villapudua, Chava Martinez, all of whom are either supervisors or foremen for Fresh Harvest. (Rice Decl. at ¶¶ 19-20, 23.) Torres and Garcia were identified by Fresh Harvest in its Rule 26 disclosures served on March 8, 2018. (Rice Decl. at ¶¶ 19-20; Opp'n at 14:8-11.) The remaining six were identified as a result of written discovery produced by Fresh Harvest. (Rice Decl. at ¶ 22.)

---

[1] Maciel and Calderon were deposed on August 15, 2018.
[2] Medel and Mendoza were deposed on August 16, 2018.
[3] Ramos was deposed on August 28, 2018.
[4] Palacios and Da Silwa were deposed on August 29, 2018.
[5] Rivera was deposed on September 12, 2018.
[6] Since Plaintiffs filed their motion, the parties have agreed to this deposition, which would be the eleventh by Plaintiffs. (Opp'n at 6:23-26.) Accordingly, the Court need not address the argument regarding this witness. *See* Fed. R. Civ. P. 30(a)(2)(A).

17-CV-2153-L-WVG

On October 4, 2018, the Court convened a telephonic discovery conference regarding the subject motion. Cynthia Rice appeared on behalf of Plaintiffs. Jennifer Schermerhorn and Rebecca Hause-Schultz appeared on behalf of Fresh Harvest. Daniel Qualls appeared on behalf of Seco Packaging.

## III. <u>LEGAL STANDARD</u>

Pursuant to Federal Rule of Civil Procedure ("Rule") 30, a party is entitled to ten depositions without leave of court. Fed. R. Civ. P. 30(a). A court must grant leave for additional depositions "to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 30(a)(2).

Rule 26(b)(1) provides, in relevant part, as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Rule 26(b)(2)(C) provides that the court must limit the extent of discovery if it determines that the discovery is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action;" or "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii). "A party seeking to exceed the presumptive limit bears the burden of making a particularized showing of the need for additional depositions." *Kaseberg v. Conaco*, LLC, No. 15-CV-1637-JLS-DHB, 2016 WL 8729927, at *3 (S.D. Cal. Aug. 19, 2016).

## IV. <u>DISCUSSION</u>

Plaintiffs seek leave to depose eight additional witnesses beyond the ten allowed and the eleventh witness agreed upon by the parties.

17-CV-2153-L-WVG

## A. Jesus Santamaria, Francisco Guido, Ramon Lua, Rogelio Vega, Fidel Villapudua, Chava Martinez

Tellingly, Plaintiffs group all of the above named witnesses into a single section of their motion. All of these witnesses are either supervisors or foremen of different labor crews within Fresh Harvest. In conclusory fashion, Plaintiffs claim all six of these witnesses have non-duplicative knowledge regarding the transportation policies of Fresh Harvest. (Mot. at 6.) These six witnesses, in conjunction with depositions already taken, would account for twenty-three of the thirty-two crews Fresh Harvest employs. (*Id*. at 6:22-25.) However, Plaintiffs fail to show that the transportation policies somehow differ from crew to crew. Moreover, Plaintiffs fail to show how the deposition from the first six supervisors and foremen lead to incomplete or inconsistent information and that conducting an additional six depositions of supervisors and foremen would somehow lead to further clarity or additional information. Defendants note that each of the previously deposed supervisors and foremen have already testified about their knowledge of the transportation policies and procedures. (Opp'n at 7:21-8:17.)

Simply put, Plaintiffs have not provided evidence that these additional depositions would reveal anything other than what has already been obtained. Plaintiffs have failed to make a particularized showing of the need for the depositions. Moreover, the depositions appear to be "unreasonably cumulative [and] duplicative," and Plaintiffs have "had ample opportunity to obtain the information" they are now seeking by having already deposed six percipient witnesses with the same roles. Fed. R. Civ. P. 26(b)(2)(C)(i)-(ii). The Court **DENIES** Plaintiffs' motion as to Santamaria, Guido, Lua, Vega, Villapudua, and Martinez.

## B. Blanca Torres

Blanca Torres is human resources employee for Fresh Harvest who conducted an investigation into alleged labor law violations committed by Rosalva Ramos. (Mot. at 4:8-14.) Olivo responded to questions from Torres regarding mandatory and scheduled breaks as part of the investigation of Ramos. (*Id*.) Olivo claims that her responses to these questions resulted in her getting demoted. (*Id*.) In support of her argument that the

deposition of Torres is necessary, Olivo claims that no other witness will "have any knowledge of [their] conversation, or how it was communicated to decision makers at Defendant Fresh Harvest." (*Id*. at 4:17-19.) Olivo claims she was not able to glean information regarding her conversation with Torres from the other human resources witness, Cindy Da Silwa. Given this, the deposition of Torres does not appear to be cumulative or duplicative and is well within the scope of Rule 26(b)(1). Moreover, Torres appears to be a central witness to the case. While the Court is still puzzled as to why Plaintiffs elected to depose ten other witnesses, including Da Silwa, and risk the possibility they may not be able to depose Torres, a person whose importance in this case is critical according to Plaintiffs, the Court will nevertheless **GRANT** Plaintiffs' motion in regards to Torres.

### C. Edgar Garcia

Edgar Garcia is or was a field worker with Fresh Harvest. (Mot. at 5:2-3.) Fresh Harvest has asserted that Olivo was demoted because there were complaints about her work performance and poor interaction with other crewmembers and not in retaliation for speaking to Torres, as discussed above. (*Id*. at 5:4-9.) Plaintiffs believe, based on written discovery, that Fresh Harvest will rely on the testimony of Garcia to substantiate its defense that Olivo was demoted due to work performance and not retaliation. (*Id*.)

In support of their contention that Garcia should be deposed, Plaintiffs cite *Mintz v. Mark Bartelstein & Assoc., Inc.*, 2012 WL 12886492, 2012 U.S. Dist. LEXIS 196340 (C.D. Cal. Sept. 14, 2012). In *Mintz*, the plaintiff disclosed forty-two witnesses in initial disclosures. *Id*. at *1. Given the high number of identified witnesses, the defendants moved for an additional twenty depositions, a number settled on because "at least twenty-two individuals out of the forty-two individuals were very likely to be trial witnesses." *Id*. at *2. The court allowed the defendant to take thirty depositions. *Id*. at *3. Plaintiff argues the present case is analogous because here, like in *Mintz*, the number of requested depositions is "lower than the number of witnesses identified in discovery or initial disclosures." (Mot. at 5.)

The application of *Mintz* to this case is perplexing at best. In *Mintz*, the court allowed thirty of the forty-two identified witnesses to be deposed. However, "only two of the individuals Plaintiffs seek to depose (Edgar Garcia and Blanca Torres) were identified" in Fresh Harvest's initial disclosures. (Opp'n at 10:9-11.) In fact, Fresh Harvest only identified seventeen witnesses, a number lower than that which Plaintiffs now seek leave to depose. (Mot. at Ex. B, ECF No. 36-4 at ¶¶ 1-17.) In sum, Plaintiffs' reliance on *Mintz* is misplaced.

Plaintiffs have known Garcia was a potential witness since disclosures were made on March 8, 2018, at the latest. Plaintiffs have offered no reason why they have not taken the deposition of Garcia nor have they offered a reason why they took the depositions of numerous supervisors and foremen that may have been able to testify about Olivo in lieu of Garcia. Given this, Plaintiffs have not made a particularized showing that there is a need for this deposition and they had "ample opportunity to obtain the information" they now seek to acquire from Garcia. Fed. R. Civ. P. 26(b)(2)(C)(ii). Accordingly, the Court **DENIES** Plaintiffs' motion as to Garcia.

## CONCLUSION

For the preceding reasons, the Court **GRANTS** Plaintiffs' Motion in respect to Blanca Torres and **DENIES** Plaintiffs' Motion in regards to all other percipient witnesses.

**IT IS SO ORDERED**.

Dated:  October 10, 2018

_____
Hon. William V. Gallo
United States Magistrate Judge

17-CV-2153-L-WVG