UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOURDES OLIVO, et al,<br><br>                              Plaintiff,<br><br>v.<br><br>FRESH HARVEST INC., et al,<br><br>                            Defendants. | Case No.: 17-CV-2153-L-WVG<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS** |

Before the Court is Plaintiffs' Motion to Compel an amended response to their Requests For Production ("RFP") Nos. 22-25.[1] For the reasons that follow, the Court **GRANTS** the Motion.

## I. RELEVANT BACKGROUND

On October 20, 2017, Plaintiffs Loudes Olivo and Socorro Olivo De Vasquez (collectively "Plaintiffs") filed a Complaint alleging, *inter alia*, violations of California Labor Code §§ 558 and 1197.1 along with California Labor Code § 2698, California's

---

[1] The parties both identify RFP No. 25 in their papers as being in dispute for the same reasons as RFP Nos. 22-24. However, RFP No. 25 contains no request that includes a date range and the objection contains no reference to a limited date range. It appears this RFP was erroneously included and this Order does not apply to RFP No. 25 or a corresponding response.

Private Attorneys General Act ("PAGA"). (*See* ECF No. 1.) On October 11, 2018, the Court convened a discovery conference where the parties alerted the Court to a pending discovery dispute regarding Plaintiffs' Requests for Production of Documents ("RPD") Nos. 22-25. Plaintiffs argued that Defendant Fresh Harvest provided insufficient responses because it improperly limited the temporal scope of its production. Finding briefing to be necessary, the Court ordered the parties to file simultaneous briefing on October 19, 2018. Plaintiffs timely filed their Motion, (Mot., ECF No. 49,) and Defendants timely filed an opposition, (Opp'n, ECF No. 48).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides, in relevant part, that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.] Fed. R. Civ. P. 26(b)(1).

"Relevance for purposes of discovery is defined very broadly." *Garneau v. City of Seattle*, 147 F.3d 802, 812 (9th Cir. 1998). The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). The party opposing discovery carries "a heavy burden of showing" why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *see also The Sherwin-Williams Co. v. JB Collision Services, Inc.*, 2014 WL 12577591 at *2 (S.D. Cal. 2014) ("[T]he party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections").

## III. DISCUSSION

RPD Nos. 22-24 each seek daily schedules, crew sheets, and generally payroll and time records of the "PAGA Aggrieved class" dating back to February 14, 2014. (Mot. at 2:4-6.) The parties do not dispute that the requested documents are relevant.[2] Thus,

---

[2] Defendant does state in its response to the RFPs that the documents sought are irrelevant. However, when read in context, the objection regarding relevance relates only to those

2

17-CV-2153-L-WVG

Plaintiffs have satisfied their burden establishing the relevance of the requested documents. Moreover, the requested documents clearly relate to the Plaintiffs' ability to show liability and prove-up damages.

Fresh Harvest's objections are limited to the temporal scope of the subject requests. Defendants argue the requests are overbroad because each seeks information from February 14, 2014 through the present. Defendants claim the PAGA sets forth a one year statute of limitations and as such, the temporal scope of discovery should be limited to one year.

California Code of Civil Procedure ("CCP") § 340 provides for a one year statute of limitations on an action "for penalty or forfeiture" unless the underlying statute "prescribes a different limitation." Cal. Civ. Code § 340(a). CCP § 338 provides for a three year statute of limitations where liability is "other than a penalty or forfeiture." *Id*. § 338(a). California Labor Code § 558 provides that employers that violate a Labor Code provision are subject to a civil penalty which is fifty dollars for the first violation and one hundred dollars for each subsequent violation "in addition to an amount sufficient to recover underpaid wages." Cal. Labor Code § 558 (a)(1)-(2). Labor Code § 1197.1 reads substantially similar except the first violation is one hundred dollars and each subsequent violation is two hundred fifty dollars. Cal. Labor Code § 1197.1(a)(1)-(2).

Defendants contend underpaid wages are defined as a penalty, and therefore subject to the one year statute of limitations prescribed by § 340 of the California Code of Civil Procedure and discovery should be limited accordingly. Defendants' characterization that "Plaintiffs have chosen to ignore well-established case and statutory law" is hardly accurate. (Opp'n at 4:21-24.) The pertinent Labor Code sections at issue in this dispute are not the model of clarity. Consequently, the judicial opinions are not uniform in their

---

documents extending more than one year from the date Plaintiffs sent notice to Defendants of the alleged labor law violations. Moreover, Defendants did not advance this argument to the Court during the discovery conference and did not do so in its Opposition.

interpretation. Whether underpaid wages are a penalty, and thus subject to a one year limitations period, is somewhat unclear in California. *Compare Watson v. Tennant Company*, No. 18-CV-2462-WBS-DB, 2018 WL 5099281, at *3 (E.D. Cal. October 17, 2018) (finding PAGA claims brought pursuant to § 558 are governed by § 340's one year limitations period) *and Thurman v. Bayshore Transit Management, Inc.*, 203 Cal.App.4th 1112, 1145, 138 Cal.Rptr.3d 130 (Cal. Ct. App. 2012) (finding that a civil penalty "consists of *both* the $50 or $100 penalty amount *and* any underpaid wages") (emphasis in original) *with Esparza v. KS Industries*, *L.P.*, 13 Cal.App.5th 1228, 1234, 221 Cal.Rptr.3d 594 (Cal. Ct. App. 2017) (explaining that "underpaid wages" pursuant to § 558 are not a civil penalty because "the financial reality [is] that 100 percent of the 'amount sufficient to recover underpaid wages' is paid to the employee" and because the dispute over wages could "be pursued by [a plaintiff] in his own right.") In the face of these conflicting opinions, Plaintiffs' request is not unreasonable nor is it burdensome for Defendants to respond. In the end, Defendants have failed to meet their "heavy burden" that the discovery should be prohibited by failing to fully explain and support the objections. *Blankenship*, 519 F.2d at 429. Accordingly, the Court **OVERRULES** the objections to RPD Nos. 22-25.

## IV. CONCLUSION

For the preceding reasons, the Court **OVERRULES** the objections and **GRANTS** Plaintiffs' Motion. Defendant Fresh Harvest shall provide amended responses to Plaintiffs' RPD Nos. 22-24 on or before **November 6, 2018**.

**IT IS SO ORDERED**.

Dated:  November 2, 2018

_____
Hon. William V. Gallo
United States Magistrate Judge